UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Grant A. Kendall and
Andrea L. Kendall,                                        Bankruptcy No. 09-30350
                                                          Chapter 7
        Debtors.
_____/

Kip M. Kaler as Bankruptcy
Trustee for Grant A. Kendall and
Andrea L. Kendall,

        Plaintiff,

        vs.                                        Adversary No.  09-7024

Able Debt Settlement, Inc.,

        Defendant.
_____/

**ORDER**

This case is before the Court pursuant to Defendant Able Debt Settlement, Inc.'s motion for summary judgment filed on December 14, 2009. Plaintiff filed a response and a brief in opposition to Defendants' motion for summary judgment on December 31, 2009. Defendants further filed a reply memorandum in support of its motion for summary judgment on January 12, 2010.

By complaint filed August 10, 2009, Plaintiff initiated an adversary proceeding seeking a judgment against Defendant pursuant to 11 U.S.C. § 548(a)(1)(B) or N.D.C.C. § § 13-02.1-04(1)(b).

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.   Summary judgment is appropriate if, "assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party

is entitled to judgment as a matter of law." Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 981-82 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (citations omitted). Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted). The court views the record in light most favorable to the nonmoving party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008).

At this juncture, several material facts remain at issue in this case with respect to Plaintiff's claims. Specifically, material issues of fact exist, but are not limited to, whether debtors received equivalent value in the exchange and whether Defendant's services are legal in North Dakota. As such, Defendant is not entitled to judgment as a matter of law. Accordingly, Defendant Able Debt Settlement, Inc.'s motion for summary judgment is **DENIED.**

    **SO ORDERED.**

Dated this January 21, 2010

    **WILLIAM A. HILL, JUDGE**
    **U.S. BANKRUPTCY COURT**