## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: ) | Bankruptcy No. 09-30350 | |
| ) | | |
| Grant A. Kendall and ) | | |
| Andrea L. Kendall, ) | | |
| ) | | |
| Debtors. ) | | |
| _____) | | |
| ) | | |
| Kip M. Kaler as Bankruptcy ) | | |
| Trustee for Grant A. Kendall ) | **AMENDED COMPLAINT** | |
| and Andrea L. Kendall, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| Able Debt Settlement, Inc. ) | | |
| ) | | |
| Defendant. ) | Adversary No. 09-07024 | |
| _____ ) | | |

Kip M. Kaler, as bankruptcy trustee, by and through his attorney, for his cause of action against Defendant, Able Debt Settlement, Inc., states and alleges as follows:

1. The Debtors filed a Chapter 7 Bankruptcy Petition in the District of North Dakota on April 3, 2009.

2. Kip M. Kaler is the duly appointed and present bankruptcy trustee of this bankruptcy case.

3. The Defendant's place of business is located at 1333 Corporate Drive, Ste. 360. Irving, Texas 75038. The Defendant solicits business in the state of North Dakota, and does business with debtors such as the Debtors in this case, in this state.

Case 09-07024    Doc 31    Filed 01/25/10    Entered 01/25/10 16:22:16    Desc Main
Document    Page 2 of 5

4. Pursuant to 11 U.S.C. §548, Plaintiff seeks to recover payments made to Able Debt Settlement, Inc.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The venue of this case is proper pursuant to 28 U.S.C. §1408. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157.

6. On or about April 9, 2008, the Debtors entered into an agreement with Able Debt Settlement, Inc. The purported purpose of the contract was the elimination of the Debtors' credit card debt. The Debtors indicated to Able Debt Settlement that they had creditors with debt totaling approximately $24,000, but had a negative net cash flow without making payments for this debt.

8. The Debtors have made payments to the Defendant totaling not less than $1,703.87. Out of the sum received by the Defendant, it appears to have paid none of the Debtors' creditors.

9. The Plaintiff alleges that the transfer of funds to the Defendant was for no consideration; Debtors received nothing in exchange for the transfer of funds and therefore was a fraudulent transfer.

10. The Trustee alleges that at the time of the transfer of the funds the Debtors were insolvent.

11. The Trustee alleges that the Debtors made a fraudulent transfer to the Defendant by the transfer of funds described. The Debtors did not receive reasonably equivalent value for the transfer. The transfer from the Debtors to the Defendant was a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B).

12. The Trustee alleges that the Debtors made the described transfers to the Defendant while they were insolvent and for less than reasonably equivalent value. These transfers are fraudulent within the meaning of N.D.C.C. §§ 13-02.1-04(1)(b) and 13-02-05(1). The Trustee is authorized to pursue this claim pursuant to 11 U.S.C. § 544.

13. The Defendant is not a good faith transferee as contemplated by 11 U.S.C. § 550(e), and therefore, the Plaintiff should recover the entire sum transferred to the Defendant.

14. The plaintiff alleges that the defendant attempted to provide illegal services to the debtor barred by state law. N.D.C.C. § 13-06-02. In attempting to contract for the provision of illegal debt adjusting services, the defendant has also violated N.D.C.C. § 51-15-02. Pursuant to Chapter 51-15, the plaintiff in this action is entitled to recover not only the amount paid defendant but due to the fact the defendant knowingly committed the conduct of "debt adjusting" in the state of North Dakota, this Court may award up to three times the actual amount of damages proven, and the Court must award recovery of costs, disbursements and actual reasonable attorney's fees incurred in this action. N.D.C.C. § 51-15-09.

THEREFORE, Plaintiff respectfully requests that the Court enter Judgment in favor of the Plaintiff against the Defendant in the amount of the transfer of not less than $1,703.87, but also award treble damages, and the costs of this litigation including reasonable actual attorney's fees, and for such other and further relief as the court deems fair and just.

Dated this 25th day of January, 2010.

          /s/ Jason T. Loos
          Jason T. Loos
          KALER LAW OFFICE
          Attorney for Plaintiff
          121 Roberts Street
          P.O. Box 423
          Fargo, ND 58107-0423
          (701) 232-8757
          ND Attorney No. 03757

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 09-30350 |
| | ) | |
| Grant A. Kendall and | ) | |
| Andrea L. Kendall, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Kip M. Kaler as Bankruptcy | ) | |
| Trustee for Grant A. Kendall | ) | |
| and Andrea L. Kendall, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Able Debt Settlement, Inc. | ) | |
| | ) | |
| Defendant. | ) | Adversary No. 09-07024 |
| _____ | ) | |

Kip M. Kaler of Fargo, ND, swears that on January 25, 2010, he served electronically at the following email address a copy of the following document(s):

- **AMENDED COMPLAINT**

to the parties listed below:

    Jon R. Brakke
    jbrakke@vogellaw.com

                                               /s/ Jason T. Loos
                                               Jason T. Loos